**UNITED STATES of America,**
**Plaintiff-Appellee,**

**v.**

**John Wayland LAMBERT, Sr., Defendant-Appellant.**

**No. 71-3385**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

May 15, 1972.

Rehearing Denied June 13, 1972.

---

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company      of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

O. Romaine Russell, Baton Rouge, La., for defendant-appellant.

Gerald J. Gallinghouse, U. S. Atty., Stephen L. Dunne, New Orleans, La., for plaintiff-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

We review on direct appeal Lambert's judgment of conviction and general sentence to seven years confinement under both counts of a two-count indictment for violation of Title 18, U.S.C., Sections 472 and 473.[1] We affirm.

■ The first contention raised on appeal involves the denial by the trial court of the appellant's motion to suppress all physical evidence, citing Amendment IV to the Constitution. The physical evidence seized from the possession of Lambert at the time of his warrantless arrest and introduced in evidence against him was two attache cases, one of which contained the 2979 counterfeit obligations of the United States. The seizure was accomplished by a reasonable search incident to a lawful arrest for a felony committed in the presence of the arresting officers: the possession of the counterfeit money. Chimel v. California, 1969, 395 U.S. 752, 89 S.Ct. 2034, 23 L. Ed.2d 685.

The second point raised questions the correctness of the denial of Lambert's motion for judgment of acquittal. Viewed in the light most favorable to the government, the evidence of guilt was clearly sufficient to support the jury's verdict. Glasser v. United States, 1944, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680.

■ The next question raised, concerning the court's failure to charge the jury as to entrapment, is also without substance. The defense raised was that of alibi. No showing was made at trial of conduct on the part of government agents sufficient to raise entrapment as a viable issue. Lopez v. United States, 1963, 373 U.S. 427, 83 S.Ct. 1381, 10 L. Ed.2d 462.

■ Finally, complaint is made that the court below committed error by limiting the examination by defense counsel of the witness Gustave Betz, called to the stand by the defense in an attempt to show that Betz was a confidential government informant, who had a motive for entrapping the appellant. When Betz was called to testify, he claimed his Fifth Amendment privilege against self-incrimination, upon the advice of his counsel, who was present. There was a complaint outstanding against Betz in connection with the same counterfeiting offense. The trial court allowed the claim of privilege, and after defense counsel persisted in that line of questioning, the judge curtailed the examination. No error is shown in this action of the trial court. United States v. Wilcox, 5 Cir., 1971, 450 F.2d 1131.

The appeal is without merit. The judgment appealed from is

Affirmed.

1. Count One charged sale of 49 counterfeit Twenty Dollar bills, in violation of Section 473, of Title 18, U.S.C.; Count Two charged possession of 2979 counterfeit Twenty Dollar bills, in violation of Section 472, of Title 18, U.S.C.